**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER MANGO,** | § | |
| *Movant,* | § | |
| | § | |
| **v.** | § | No.   **1:25-CV-2125-RP-DH** |
| | § | **1:21-CR-0043(1)-RP** |
| **UNITED STATES OF AMERICA,** | § | |
| *Respondent* | § | |

**ORDER AND REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

Before the Court are movant Christopher Mango's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, Dkt. 201, and motion for a transcript at government expense, Dkt. 211. The undersigned submits this report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas. The undersigned will deny Mango's motion for a transcript, Dkt. 211, and recommend that the District Judge deny Mango's § 2255 motion, Dkt. 201.

## I.    BACKGROUND

Mango was indicted with two counts of conspiracy to possess with intent to distribute methamphetamine and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). Dkt. 1. The Court appointed four attorneys to represent Mango. Dkts. 38; 40; 54; 70. Following multiple substitutions and a hearing pursuant to *Faretta v. California*, 422

U.S. 806 (1975), the Court found that Mango knowingly and voluntarily waived his right to counsel and was competent to represent himself. Dkt. 129. After a trial during which Mango proceeded pro se with court-appointed standby counsel, the jury found Mango guilty on both counts. Dkt. 169. The Court sentenced Mango to a term of 188 months of imprisonment followed by a four-year term of supervised release and entered judgment on September 25, 2023. Dkts. 187; 189. Mango did not file a direct appeal.

On August 18, 2025, Mango filed a motion for reconsideration challenging his conviction and sentence, which the Court construed as a § 2255 motion. Dkts. 194; 195. Because the motion appeared time-barred, the Court ordered Mango to show cause as to why his motion should not be dismissed as untimely. Dkt. 195, at 2-3. Mango failed to respond, and the Court dismissed the motion without prejudice for want of prosecution. Dkt. 197. On November 19, 2025, Mango filed the present § 2255 motion and subsequently filed a supplemental memorandum of law. Dkts. 201; 204. The Court ordered the government to respond, and the government timely filed its response in opposition. Dkts. 205; 209. Mango filed a reply. Dkt. 210. In his § 2255 motion and supplemental memorandum, Mango raises four grounds for relief, arguing that: (1) the indictment is constitutionally vague and invalid on its face; (2) the government engaged in outrageous government conduct consisting of perjured testimony and suppression of exculpatory evidence; (3) his counsel provided ineffective assistance of counsel ("IAC"); and (4) he was subject to an illegal search

2

and seizure in violation of the Fourth Amendment. Dkt. 194. Mango also filed a motion for a transcript at government expense. Dkt. 211.

## II.    LEGAL STANDARD

Under § 2255, four general grounds exist upon which a defendant may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under § 2255 is limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude … and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)). If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

A § 2255 motion is subject to a one-year statute of limitations pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2255(f). The limitation period runs from the latest of: (1) the date on which the judgment of conviction became final; (2) the date on which a government-created impediment to

filing was removed; (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. *Id.* If a defendant does not file a direct appeal, the conviction becomes final when the period for filing a notice of appeal expires. Fed. R. App. P. 4(b)(1)(A); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). A petitioner may avoid dismissal of an untimely motion by demonstrating that equitable tolling applies or by making a credible showing of actual innocence. *United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000); *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Equitable tolling of the limitations period is available only in rare and exceptional circumstances. *Patterson*, 211 F.3d at 928.

### III.    DISCUSSION

Mango's motion should be denied because it is time-barred under AEDPA's one-year statute of limitations, and he has not shown that equitable tolling or actual innocence excuse his untimely filing. Even if the motion was timely, Mango's claims would still fail on the merits.

### A.    Mango's § 2255 motion is time-barred.

Under AEDPA, a § 2255 motion must be filed within one year of the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). When a defendant does not file a direct appeal, the conviction becomes final when the fourteen-day period for filing a notice of appeal expires. Fed. R. App. P. 4(b)(1)(A); *Plascencia*, 537 F.3d at 388. The Court entered judgment in Mango's case on

September 25, 2023. Dkt. 189. Because Mango did not file a direct appeal, his conviction became final on October 9, 2023, when the fourteen-day notice of appeal period expired. *See* Fed. R. App. P. 4(b)(1)(A). The AEDPA limitations period therefore expired on October 9, 2024. *See* 28 U.S.C. § 2255(f)(1). Mango did not file this § 2255 motion until November 19, 2025—over thirteen months after the limitations period had expired. Dkt. 201, at 12.[1] Accordingly, Mango's motion is time-barred and should be dismissed with prejudice.

### B.    Mango has not demonstrated his entitlement to equitable tolling.

Mango contends that equitable tolling excuses his untimely filing because he never received the Court's notice of its intent to recharacterize his motion for reconsideration as a § 2255 motion, which prevented him from responding in a timely manner. Dkt. 210, at 1-3. The undersigned disagrees.

A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida,* 560 U.S. 631, 649 (2010). The petitioner bears the burden of establishing that equitable tolling is warranted, and delays of the petitioner's own making do not qualify. *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009). Equitable tolling is reserved for rare and exceptional circumstances and is applied sparingly. *Patterson*, 211 F.3d at 928.

---

[1] Mango's initial § 2255 motion, filed on August 18, 2025, was also filed after the limitations period expired. Dkt. 194.

Mango has not satisfied either prong of the *Holland* test. His argument that the Court failed to properly serve him with notice of the recharacterization of his motion for reconsideration is not an extraordinary circumstance that warrants equitable tolling—especially given that his initial § 2255 motion was also filed outside the limitations period. Dkt. 194 (filed August 18, 2025); Fed. R. App. P. 4(b)(1)(A); *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."). Nor has Mango demonstrated that he diligently pursued his rights in light of his failure to challenge his sentence until after the expiration of the limitations period and lack of any explanation for such a delay. Dkts. 194; 195; 201. Because Mango has failed to carry his burden on either prong of the *Holland* test, equitable tolling does not apply to this § 2255 motion. *Holland*, 560 U.S. at 649; *Hardy*, 577 F.3d at 598.

C.    **Mango has not demonstrated actual innocence to excuse the untimely filing.**

Mango also asserts actual innocence as a basis for excusing his untimely filing. Dkt. 210, at 3. The Supreme Court has held that a credible showing of actual innocence may serve as an equitable exception to the expiration of the AEDPA statute of limitations. *McQuiggin*, 569 U.S. at 386. However, tenable actual innocence claims are rare because the petitioner "does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). An unexplained delay in

presenting new evidence bears on the credibility of the actual innocence claim. *Id.* at 399.

Mango has not made the requisite showing. His actual-innocence argument rests on descriptions of evidence he contends his attorneys failed to obtain and present on his behalf. Specifically, Mango argues that Uber employment records, testimony from co-conspirator John Lindsey, and testimony from Kevin Shannon would establish Mango's innocence. Dkt. 211, at 6. But Mango did not submit any evidence in support of his contention that he is actually innocent. *See id.* Instead, he offers only descriptions of what he believes such evidence would show if it existed and had been developed. *Id.* Such arguments, without supporting evidence, are insufficient to show that Mango's actual innocence supports tolling of the limitations period. *Floyd v. Vannoy*, 894 F.3d 143, 159 (5th Cir. 2018) (explaining that petitioner "overcomes the time-bar if, in the light of the newly-discovered evidence, no reasonable juror would determine the [newly discovered evidence] w[as] sufficient to establish [petitioner]'s guilt beyond a reasonable doubt"); *Perez v. United States*, No. 1:15-CR-1159-1, 2020 WL 2201904, at *4 (S.D. Tex. Feb. 26, 2020) (noting that "petitioner may not proceed through the gateway unless he produces new, reliable evidence of his innocence" (citing *McQuiggin*, 569 U.S. at 386)), *R. & R. adopted*, No. 1:19-CV-00110, 2020 WL 2201418 (S.D. Tex. May 6, 2020).

Because Mango has failed to produce any new evidence showing that no reasonable juror would have convicted him, the actual innocence gateway is

unavailable to him, and his untimely § 2255 motion should be dismissed with prejudice.

### D.    Alternatively, Mango's claims fail on the merits.

Even if Mango's petition were timely—which it is not—his claims still fail on the merits. Mango's first, second, and fourth grounds for relief—that  the indictment is constitutionally vague and invalid on its face, that the government engaged in outrageous conduct, and that Mango was subject to an illegal search and seizure— are procedurally defaulted. Mango's third ground of relief, his IAC claim, fails under *Strickland v. Washington*, 466 U.S. 668 (1984).

Following a conviction and exhaustion or waiver of the right to direct appeal, a defendant is presumed to stand fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). When a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Mango did not file a direct appeal, and he has not demonstrated cause and prejudice or actual innocence sufficient to excuse the default of grounds one, two, or four. Those claims are therefore procedurally barred and may not be considered on collateral review.

Mango's IAC claim, his third ground for relief, is not subject to procedural default and may be raised on collateral review. *Massaro v. United States*, 538 U.S. 500, 504 (2003). However, it fails on the merits. To prevail on an IAC claim, a movant

must satisfy the two-part test set out in *Strickland*. 466 U.S. at 897-694. First, the movant must show that counsel's performance fell below an objective standard of reasonableness. *Id*. at 687-88. Second, the movant must show prejudice–that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 694. Failure to establish either prong defeats the claim.

Mango's IAC claims against his three court-appointed attorneys are largely conclusory. He alleges that each failed to file motions, investigate, interview witnesses, and build a defense, all of which "reflected conflict-of-interest [sic]." Dkt. 201, at 7. However, he does not specify which motions should have been filed, what further investigation would have revealed, or how any specific failure changed the outcome. Dkts. 201, at 9; 204. Such generalized allegations are insufficient to raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).

Mango's most specific allegations—that counsel failed to subpoena John Lindsey and Kevin Shannon—still fall short. Dkt. 211, at 6. As to Lindsey, Mango himself attempted to serve a subpoena on Lindsey when proceeding pro se and it was returned unserved, suggesting that Lindsey may have been unavailable rather than simply overlooked by counsel. *Id*. As to Shannon, Mango produced no affidavit from Shannon and offers only his own characterization of what Shannon's testimony would have shown. *Id*. Without more, Mango cannot demonstrate a reasonable probability

9

that the outcome of the trial would have been different but for counsel's alleged failures. *Strickland*, 466 U.S. at 694. Ground three therefore fails on the merits.

## IV.    ORDER AND RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Judge **DENY** Mango's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, Dkt. 201.

Because the undersigned recommends that the District Judge deny the § 2255 motion, **IT IS ORDERED** that Mango's motion for a transcript at government expense, Dkt. 211, is **DENIED AS MOOT**.

The referral of this case to the Magistrate Judge should now be canceled.

## V.    CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, effective as amended on February 1, 2010, the District Judge must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a movant's constitutional claims

10

on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Mango's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, a certificate of appealability should not be issued.

## VI.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the report and, except upon grounds of

11

plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SIGNED June 29, 2026.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE